# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,

Plaintiff,

-against-

UNITED STATES DEPARTMENT of the ARMY,

Defendant.

Index No. ____________

## SUMMONS IN CIVIL ACTION

TO: UNITED STATES DEPARTMENT of the ARMY,
Pentagon
Washington, DC, 20310-1500

YOU ARE HEREBY SUMMONED and required to file with the Clerk of the Court and to serve upon

HARRINGTON HENRY LLP
Attorneys for Plaintiff
305 Madison Avenue
New York NY 10165
(212) 370-6716

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

HARRINGTON HENRY LLP
By: ____________
James J. Harrington
*Attorneys for Plaintiff*
305 Madison Avenue
New York NY 10165
(212) 370-6716

UNITED STATES COURT OF FEDERAL CLAIMS DATE

BY DEPUTY CLERK

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,

Plaintiff, 07-226 C

-against-

**COMPLAINT**

UNITED STATES DEPARTMENT of the ARMY,

Defendant.

FILED
APR - 6 2007
U.S. COURT OF FEDERAL CLAIMS

The Plaintiff, SITCO GENERAL TRADING AND CONTRACTING CO., W.L.L. ("SITCO"), for its Complaint, alleges:

**JURISDICTION**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C § 1491 (a) (1) inasmuch as it is a claim against the United States for damages on an express contract.

**PARTIES**

2. SITCO is a corporation organized under the laws of Kuwait with its principal place of business in Kuwait City, Kuwait.

3. The Defendant is the Government of the UNITED STATES, sued herein as United States Department of the Army, ("Army").

**FIRST CLAIM FOR RELIEF**

4. In or about June 2004, SITCO and Army entered into Contract NO. W91QEK-04-M-4227 (the "Contract") for 2700 Alaska barriers and related supplies and services, for the contract price of $3,510,000.00. Copy annexed as **Exhibit A**.

5. Under the contract, 557th Expeditionary RED HORSE was the Sponsor for SITCO in respect of the concrete batch plant it ran on Camp Taji in Iraq.

6. In connection with its fulfillment of the contract, SITCO, for security reasons and at Army's direction transported to Camp Taji an entire ready mix factory which SITCO continued to own. Copy of memorandum dated May 24 2005 annexed as **Exhibit B**.

7. It was operated under the direction of an American citizen, A. Luis Suarez, president Iraq Division, of SITCO. Copy of memorandum dated June 2, 2005 annexed as **Exhibit C**.

7. On October 8, 2005, the Army determined to demobilize SITCCO from camp Taji, since "SITCO's current contracts have been successfully met for the base contract scope of 01 Oct 04 to 30 Sep 05." Copy of Army memorandum dated October 8, 2005, annexed as **Exhibit D**.

8. Demobilization plans and schedules were to be developed by SITCO and approved by Army. Copy of Army memorandum dated December 26, 2005, approving removal of SITCO's ready mix factory from Camp Taji, annexed as **Exhibit E**.

9. Transport of the factory to Kuwait required it to be dissembled under the supervision of SITCO through Mr. Luis Suarez, whose presence at Camp Taji was required for such supervision.

10. Mr. Suarez was denied, by Army, without excuse or cause, credentials for him to travel to, and remain on, Camp Taji during the factory removal process. That conduct by Army constituted a breach of its obligations under the Contract,

11. As a proximate result of Army's breach of contract as aforesaid, SITCO's factory was physically taken down and transported by inexperienced and unsupervised movers and it arrived in Kuwait in an unusable condition.

12. In consequence of Army's breach of contract, SITCO has suffered losses, expenses and damages in an amount, approximating $ 31,000,000.00, to be proved at trial.

## SECOND CLAIM FOR RELIEF

13 On or about January 23, 2006, Army ordered a quantity of Dell printer cartridges pursuant to P.O. No. W912D1-06-P-0319, copy annexed as **Exhibit F.**

14 In fulfillment of that P.O., SITCO delivered the cartridges to Army and invoiced it therefore. Copy of invoice dated June 18, 2006, annexed as **Exhibit G.**

15 Despite due demand, Army rejected and refused to pay that invoice, to the damage of SITCO in the amount of $6275.35, or such other Amount as may be proved at trial.

**WHEREFORE,** SITCO demands judgment against the United States.

On the First Claim for Relief in the amount of $31,000,000.00; and

On the Second Claim for Relief in the amount of $6275.35;

Together with lawful interest and such other relief as to the Court may seem just and proper.

HARRINGTON HENRY LLP

By: James J. Harrington(JH 7868)

*Attorneys for Plaintiff*
305 Madison Avenue
New York NY 10165
(212) 370-6716

EXHIBIT A

# SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS

*OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30*

1. REQUISITION NO.: W9169241326017
PAGE 1 OF

2. CONTRACT NO: W91QEK-04-M-4227
3. AWARD/EFFECTIVE DATE: 09 JUNE 2004
4. ORDER NO.:
5. SOLICITATION NO.:
6. OFFER DUE DATE/LOCAL TIME:

7. FOR SOLICITATION INFORMATION CALL ▶
a. NAME: MSGT KENNETH L. MOORE
b. TELEPHONE NO. *(No collect calls)*

9. ISSUED BY — CODE:
ATTN: MSGT KENNETH L. MOORE
CONTRACTING CELL
MNF-I
AL TAJI, IRAQ

10. THIS ACQUISITION IS
☒ UNRESTRICTED
☐ SET ASIDE: % FOR
☐ SMALL BUSINESS
☐ SMALL DISADV. BUSINESS
☐ 8(A)
SIC:
SIZE STD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
☐ SEE SCHEDULE

12. DISCOUNT TERMS: NET 30

☐ 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING

14. METHOD OF SOLICITATION ☒ RFQ ☐ IFB ☐ RFP

15. DELIVER TO — CODE:
See Schedule

16. ADMINISTERED BY — CODE:
See Block 9

17a. CONTRACTOR/OFFEROR — CODE — FACILITY CODE
SITCO GENERAL TRADING AND CONTRACTING CO
KUWAIT CITY, KUWAIT

18a. PAYMENT WILL BE MADE BY — CODE:
126TH FINANCE
AL TAJI, IRAQ
DSSN 8547
APO-AE 09321

☐ 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED ☐ SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | SEE SCHEDULE | | | | |
| | *(Attach Additional Sheets as Necessary)* | | | | |

25. ACCOUNTING AND APPROPRIATION DATA
21 4 2020.0000 76-2084 P135197.0000 3230 83 42BP W9169Z41226017 42BP 83 S09076

26. TOTAL AWARD AMOUNT *(For Govt. Use Only)*: 3,510,000.00

☐ 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA ☐ ARE ☐ ARE NOT ATTACHED.

☒ 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA ☐ ARE ☒ ARE NOT ATTACHED

28. ☑ CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN 1 COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. ☐ AWARD OF CONTRACT: ______ OFFER DATED ______. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR

31a. UNITED STATES OF AMERICA *(SIGNATURE OF CONTRACTING OFFICER)*
Kenneth L. Moore

30b. NAME AND TITLE OF SIGNER *(TYPE OR PRINT)*
30c. DATE SIGNED

31b. NAME OF CONTRACTING OFFICER *(TYPE OR PRINT)*: KENNETH L. MOORE
31c. DATE SIGNED: 9 JUNE 2004

32a. QUANTITY IN COLUMN 21 HAS BEEN ☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED

33. SHIP NUMBER ☐ PARTIAL ☐ FINAL
34. VOUCHER NUMBER
35. AMOUNT VERIFIED CORRECT FOR
36. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL
37. CHECK NUMBER

32b. SIGNATURE OF AUTHORIZED GOVT REPRESENTATIVE
32c. DATE

38. S/R ACCOUNT NO.
39. S/R VOUCHER NO
40. PAID BY

42a. RECEIVED BY *(Print)*

41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT
41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER
41c. DATE

42b. RECEIVED AT *(Location)*
42c. DATE REC'D (YY/MM/DD)
42d. TOTAL CONTAINERS

AUTHORIZED FOR LOCAL REPRODUCTION
Computer Generated

SEE REVERSE FOR OMB CONTROL NUMBER AND PAPERWORK BURDEN STATEMENT

STANDARD FORM 1449 (10-95)
Prescribed by GSA - FAR (48 CFR) 53.212

| CLIN | INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|---|
| 0001 | Destination | Government | Destination | Government |

CLAUSES INCORPORATED BY REFERENCE:

| | | |
|---|---|---|
| 252.246-7000 | Material Inspection And Receiving Report | DEC 1991 |
| 52.246-2 | Inspection Of Supplies--Fixed Price | AUG 1996 |

SECTION F DELIVERIES AND PERFORMANCE

F.1 DELIVERY INFORMATION.

| CLINS | DELIVERY DATE | UNIT OF ISSUE | QTY | FOB | SHIP TO ADDRESS | POC |
|---|---|---|---|---|---|---|
| 0001 | 7 July 04 | EA | 2700 | Dest. | Al Taji | Maj Davis |

SECTION G CONTRACT ADMINISTRATION DATA

**G.1 CONTRACT ADMINISTRATION. Contract administration will be performed by the Contracting Officer.**

MSgt Kenneth L. Moore
MAGTF Contingency Contracting Office
Ramadi, Iraq

G.2 PAYMENT. Payment will be made by:

126TH FINANCE
AL TAJI, IRAQ
DSSN 8547
APO-AE

G-3 INVOICING PROCEDURES Invoices shall be submitted to the contracting officer at the above address or via email. Allow 30 days for payment.

G.3.1 Invoices must be in English and contain the following information:

Invoice date, name of contractor, contract number, period of service, contract unit price, quantity, total amount due, name and phone number of person to contact in case of defective invoice, and any other information required by contract provisions.

G.3.2 A DD250 RECEIVING REPORT is required. The contractor shall provide an itemized delivery report when the supplies or services have been delivered as required. (DD 250 recommended) Each report must have the following minimum information. The contractor will retain one showing proof of delivery (receiver's signature) to be submitted with the invoice. The delivery ticket will contain the following minimum information:

Name of contractor
Contract number
Itemized list of supplies/services furnished
Quantity, unit price and extension of each item
Date of delivery/service
A block containing the following: Printed name, grade, and telephone number of the Government Receiver

G.3.3 GOVERNMENT RECEIVER / COR will fill out blocks 15-20, 21b, and 22. Print legibly your name, grade, telephone number, and date supplies/services were received and accepted on the contractor's delivery ticket. Place your signature above your printed name. Retain a copy for your records; give one copy to the contractor, and forward the original with the monthly invoice to the Contracting Officer.

## SECTION H SPECIAL CONTRACT REQUIREMENTS

H.1 CONTRACTING OFFICER REPRESENTATIVE (COR) GOVERNMENT CONTRACTING OFFICER"S REPRESENTATIVES (COR). The Contracting Officer's Representative for this project is Maj Daniels. The COR will be the primary interface for the contractor for all matters of performance (both Government and contractor) and act as the Government receiver. **The COR is not authorized to direct the contractor to perform outside the boundaries of this contract.** The seller understands that completing the work within the time specified is very important.

## SECTION I CONTRACT CLAUSES

### I.1 CLAUSES INCORPORATED BY REFERENCE:

| | | |
|---|---|---|
| 52.202-1 | Definitions | OCT 1995 |
| 52.203-3 | Gratuities | APR 1984 |
| 52.203-5 | Covenant Against Contingent Fees | APR 1984 |
| 52.203-6 | Restrictions On Subcontractor Sales To The Government | JUL 1995 |
| 52.203-7 | Anti-Kickback Procedures | JUL 1995 |
| 52.227-1 | Authorization and Consent | JUL 1995 |
| 52.232-16 | Progress Payments | MAR 2000 |
| 52.232-23 Alt I | Assignment of Claims Alternate I | APR 1984 |
| 52.233-3 | Protest After Award | AUG 1996 |
| 52.243-1 | Changes--Fixed Price | AUG 1987 |
| 52.246-23 | Limitation Of Liability | FEB 1997 |
| 52.249-2 | Termination For Convenience Of The Government (Fixed-Price) | SEP 1996 |
| 52.249-8 | Default (Fixed-Price Supply & Service) | APR 1984 |
| 252.203-7001 | Special Prohibition On Employment | JUN 1997 |
| 252.225-7002 | Qualifying Country Sources As Subcontractors | DEC 1991 |
| 252.243-7001 | Pricing Of Contract Modifications | DEC 1991 |
| 252.245-7001 | Reports Of Government Property | MAY 1994 |

### I.2 CLAUSES INCORPORATED BY FULL TEXT :

**52.252-2 CLAUSES INCORPORATED BY REFERENCE (FEB 1998)**

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es):

http://web.deskbook.osd.mil/reflib.asp?section=15#15
http://www.arnet.gov/far/

**52.212-4 -- Contract Terms and Conditions -- Commercial Items (May 2001)**

As prescribed in _451936281:12.301_(b)(3), insert the following clause:

Contract Terms and Conditions -- Commercial Items (May 2001)

(a) Inspection/Acceptance. The Contractor shall only tender for acceptance those items that conform to the requirements of this contract. The Government reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The Government may require repair or replacement of nonconforming supplies or reperformance of nonconforming services at no increase in contract price. The Government must exercise its post-acceptance rights --

(1) Within a reasonable time after the defect was discovered or should have been discovered; and

(2) Before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

(b) Assignment. The Contractor or its assignee may assign its rights to receive payment due as a result of performance of this contract to a bank, trust company, or other financing institution, including any Federal lending agency in accordance with the Assignment of Claims Act (31 U.S.C.3727). However, when a third party makes payment (e.g., use of the Governmentwide commercial purchase card), the Contractor may not assign its rights to receive payment under this contract.

(c) Changes. Changes in the terms and conditions of this contract may be made only by written agreement of the parties.

(d) Disputes. This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C.601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR _410028035:52__410028035:.233-1_, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

(e) Definitions. The clause at FAR _409998339:52__409998339:.202-1_, Definitions, is incorporated herein by reference.

(f) Excusable delays. The Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its fault or negligence such as, acts of God or the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, unusually severe weather, and delays of common carriers. The Contractor shall notify the Contracting Officer in writing as soon as it is reasonably possible after the commencement of any excusable delay, setting forth the full particulars in connection therewith, shall remedy such occurrence with all reasonable dispatch, and shall promptly give written notice to the Contracting Officer of the cessation of such occurrence.

(g) Invoice. The Contractor shall submit an original invoice and three copies (or electronic invoice, if authorized,) to the address designated in the contract to receive invoices. An invoice must include --

(1) Name and address of the Contractor;

(2) Invoice date;

(3) Contract number, contract line item number and, if applicable, the order number;

(4) Description, quantity, unit of measure, unit price and extended price of the items delivered;

(5) Shipping number and date of shipment including the bill of lading number and weight of shipment if shipped on Government bill of lading;

(6) Terms of any prompt payment discount offered;

(7) Name and address of official to whom payment is to be sent; and

(8) Name, title, and phone number of person to be notified in event of defective invoice.

Invoices will be handled in accordance with the Prompt Payment Act (31 U.S.C.3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. Contractors are encouraged to assign an identification number to each invoice.

(h) Patent indemnity. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

(i) Payment. Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract. The Government will make payment in accordance with the Prompt Payment Act (31 U.S.C.3903) and Office of Management and Budget (OMB) Circular A-125, Prompt Payment. If the Government makes payment by Electronic Funds Transfer (EFT), see _410007559:52__410007559:.__410007559:212__410007559:-5_(b) for the appropriate EFT clause. In connection with any discount offered for early payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the specified payment date if an electronic funds transfer payment is made.

(j) Risk of loss. Unless the contract specifically provides otherwise, risk of loss or damage to the supplies provided under this contract shall remain with the Contractor until, and shall pass to the Government upon:

(1) Delivery of the supplies to a carrier, if transportation is f.o.b. origin; or

(2) Delivery of the supplies to the Government at the destination specified in the contract, if transportation is f.o.b. destination.

(k) Taxes. The contract price includes all applicable Federal, State, and local taxes and duties.

(l) Termination for the Government's convenience. The Government reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government

using its standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

(m) Termination for cause. The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

(n) Title. Unless specified elsewhere in this contract, title to items furnished under this contract shall pass to the Government upon acceptance, regardless of when or where the Government takes physical possession.

(o) Warranty. The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.

(p) Limitation of liability. Except as otherwise provided by an express or implied warranty, the Contractor will not be liable to the Government for consequential damages resulting from any defect or deficiencies in accepted items.

(q) Other compliances. The Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract.

(r) Compliance with laws unique to Government contracts. The Contractor agrees to comply with 31 U.S.C.1352 relating to limitations on the use of appropriated funds to influence certain Federal contracts; 18 U.S.C.431 relating to officials not to benefit; 40 U.S.C.327, et seq., Contract Work Hours and Safety Standards Act; 41 U.S.C.51-58, Anti-Kickback Act of 1986; 41 U.S.C.265 and 10 U.S.C.2409 relating to whistleblower protections; 49 U.S.C.40118, Fly American; and 41 U.S.C.423 relating to procurement integrity.

(s) Order of precedence. Any inconsistencies in this solicitation or contract shall be resolved by giving precedence in the following order:

(1) The schedule of supplies/services.

(2) The Assignments, Disputes, Payments, Invoice, Other Compliances, and Compliance with Laws Unique to Government Contracts paragraphs of this clause.

(3) The clause at _410007559:52__410007559:.__410007559:212__410007559:-5_.

(4) Addenda to this solicitation or contract, including any license agreements for computer software.

(5) Solicitation provisions if this is a solicitation.

(6) Other paragraphs of this clause.

(7) The Standard Form 1449.

(8) Other documents, exhibits, and attachments.

(9) The specification.

(End of Clause)

**52.228-4 -- Workers Compensation and War-Hazard Insurance Overseas (Apr 1984)**

As prescribed in _435159102:28.309_(b), insert the following clause in solicitations and contracts when the contract will be a public-work contract performed outside the United States and the Secretary of Labor waives the applicability of the Defense Base Act (see _435159096:28.305_(d)):

Workers' Compensation and War-Hazard Insurance Overseas (Apr 1984)

(a) This paragraph applies if the Contractor employs any person who, but for a waiver granted by the Secretary of Labor, would be subject to workers' compensation insurance under the Defense Base Act (42 U.S.C.1651, et seq.). On behalf of employees for whom the applicability of the Defense Base Act has been waived, the Contractor shall

(1) provide, before commencing performance under this contract, at least that workers' compensation insurance or the equivalent as the laws of the country of which these employees are nationals may require, and

(2) continue to maintain it until performance is completed. The Contractor shall insert, in all subcontracts under this contract to which the Defense Base Act would apply but for the waiver, a clause similar to this paragraph (a) (including this sentence) imposing upon those subcontractors this requirement to provide such workers' compensation insurance coverage.

(b) This paragraph applies if the Contractor or any subcontractor under this contract employs any person who, but for a waiver granted by the Secretary of Labor, would be subject to the War Hazards Compensation Act (42 U.S.C.1701, et seq.). On behalf of employees for whom the applicability of the Defense Base Act (and hence that of the War Hazards Compensation Act) has been waived, the Contractor shall, subject to reimbursement as provided elsewhere in this contract, afford the same protection as that provided in the War Hazards Compensation Act, except that the level of benefits shall conform to any law or international agreement controlling the benefits to which the employees may be entitled. In all other respects, the standards of the War Hazards Compensation Act shall apply; e.g., the definition of war-hazard risks (injury, death, capture, or detention as the result of a war hazard as defined in the Act), proof of loss, and exclusion of benefits otherwise covered by workers' compensation insurance or the equivalent. Unless the Contractor elects to assume directly the liability to subcontractor employees created by this clause, the Contractor shall insert, in all subcontracts under this contract to which the War Hazards Compensation Act would apply but for the waiver, a clause similar to this paragraph (b) (including this sentence) imposing upon those subcontractors this requirement to provide war-hazard benefits.

(End of Clause)

**252.225-7041 -- Correspondence in English (Jun 1997)**

As prescribed in _503316563:225__503316563:.1103_(2), use the following clause:

Correspondence In English (Jun 1997)

The Contractor shall ensure that all contract correspondence that is addressed to the United States Government is submitted in English or with an English translation.

(End of Clause)

252.225-7042 -- Authorization to Perform (Jun 1997)

As prescribed in _503316563:225__503316563:.1103_(3), use the following clause:

Authorization To Perform (Jun 1997)

The Contractor represents that it has been duly authorized to operate and to do business in the country or countries in which this contract is to be performed. The Contractor also represents that it will fully comply with all laws, decrees, labor standards, and regulations of such country or countries, during the performance of this contract.

(End of Clause)

**252.229-7000 -- Invoices Exclusive of Taxes or Duties (Jun 1997)**

As prescribed in _499122183:229__499122183:.402-1_, use the following clause:

Invoices Exclusive Of Taxes Or Duties (Jun 1997)

Invoices submitted in accordance with the terms and conditions of this contract shall be exclusive of all taxes or duties for which relief is available.

(End of Clause)

**252.232-7008 -- Assignment of Claims (Overseas) (Jun 1997)**

As prescribed in _495976510:232__495976510:.806_(a)(1), use the following clause:

Assignment Of Claims (Overseas) (Jun 1997)

(a) No claims for monies due, or to become due, shall be assigned by the Contractor unless --

(1) Approved in writing by the Contracting Officer;

(2) Made in accordance with the laws and regulations of the United States of America; and

(3) Permitted by the laws and regulations of the Contractor's country.

(b) In no event shall copies of this contract or of any plans, specifications, or other similar documents relating to work under this contract, if marked "Top Secret," "Secret," or "Confidential" be furnished to any assignee of any claim arising under this contract or to any other person not entitled to receive such documents. However, a copy of any part or all of this contract so marked may be furnished, or any information contained herein may be disclosed, to such assignee upon the Contracting Officer's prior written authorization.

(c) Any assignment under this contract shall cover all amounts payable under this contract and not already paid, and shall not be made to more than one party, except that any such assignment may be made to one party as agent or trustee for two or more parties participating in such financing. On each invoice or voucher submitted for payment under this contract to which any assignment applies, and for which direct payment thereof is to be made to an assignee, the Contractor shall --

(1) Identify the assignee by name and complete address; and

(2) Acknowledge the validity of the assignment and the right of the named assignee to receive payment in the amount invoiced or vouchered.

(End of Clause)

**252.233-7001 -- Choice of Law (Overseas) (Jun 1997)**

As prescribed in _494927880:233__494927880:.215-70_, use the following clause:

Choice Of Law (Overseas) (Jun 1997)

This contract shall be construed and interpreted in accordance with the substantive laws of the United States of America. By the execution of this contract, the Contractor expressly agrees to waive any rights to invoke the jurisdiction of local national courts where this contract is performed and agrees to accept the exclusive jurisdiction of the United States Armed Services Board of Contract Appeals and the United States Court of Federal Claims for the hearing and determination of any and all disputes that may arise under the Disputes clause of this contract.

(End of Clause)

**252.243-7001 -- Pricing of Contract Modifications (Dec 1991)**

As prescribed in _484442127:243__484442127:.205-71_, use the following clause:

Pricing Of Contract Modifications (Dec 1991)

When costs are a factor in any price adjustment under this contract, the contract cost principles and procedures in FAR Part 31 and DFARS Part 231, in effect on the date of this contract, apply.

**DEPARTMENT OF THE ARMY**
MULTI NATIONAL FORCE- IRAQ
UNITED STATES ARMY FORCES CENTRAL COMMAND
THIRD UNITED STATES ARMY
APO AE 09304

CFLCC-PARC DATE: 25 JUL 2004

MEMORANDUM FOR:

From: Contracting Officer, Camp Cooke, Al Taji, Iraq
To: Whom it may concern
Subj: DELIVERY DATE EXTENSION FOR CONTRACT W91QEK-04-M-4227

1. Due to delivery constraints imposed by the Government this contract is authorized to extend delivery date to the maximum amount of time until delivery is complete.

2. Any question please feel free to contact me at baker_dan2004@yahoo.com.

DANIEL BAKER
SSGT USMC