IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation, | ) | |
| Plaintiff, | ) | No. 07-226C (Judge Hodges) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully requests this Court to dismiss the complaint of Plaintiff Sitco General Trading and Contracting Co., W.W.L. ("Sitco") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC").

QUESTION PRESENTED

1. Whether this Court lacks subject matter jurisdiction to adjudicate the plaintiff's claims against the United States under the Reciprocity Act, 28 U.S.C. § 2502.

2. Whether this Court lacks subject matter jurisdiction to adjudicate the plaintiff's claims against the United States, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

STATEMENT OF FACTS[1]

Sitco alleges that it is a corporation organized under the laws of Kuwait with its principal place of business in Kuwait. Compl. ¶ 2. According to Sitco, it entered into a contract with the

[1] For the sole purpose of this motion, we will treat the allegations in the plaintiff's complaint as true. The documents attached to Sitco's complaint will be referred to as "Pl. Ex. _."

Department of the Army ("Army") under which Sitco would provide the Army with 2700 "Alaska Barriers" as well as "related supplies and services."[2] Compl. ¶ 4. According to Sitco, the contract price was $3,510,000. Compl. ¶ 4; see also Pl. Ex. A. According to the documents attached to Sitco's complaint, the contract required that Sitco "provide all labor, supervision, tools, materials, equipment, transportation, and management necessary to repair and operate associated equipment necessary for the delivery of items requested." Pl. Ex. A, Sched. ¶ C.2 ("General Requirements"). Under the contract, Sitco was to deliver the 2700 Alaska Barriers to Camp Taji, Iraq by July 7, 2004. Pl. Ex. A, Sched. ¶ F.1 ("Delivery Information"). The contract specified that the 2700 Alaska Barriers were to be delivered "FOB." Pl. Ex. A, Sched. ¶ B.1.

According to Sitco, it transported to Camp Taji "an entire ready mix [concrete] factory which SITCO continued to own." Compl. ¶ 6. Sitco's employee, Luis Suarez, allegedly operated the factory. Compl. ¶ 7A.[3] Sitco alleges that on October 8, 2005, after the performance of the contract, the Army asked Sitco to remove its cement factory from Camp Taji. Compl. ¶ 7B. According to Sitco, in order to remove the factory, Sitco was required to disassemble it. Compl. ¶ 9. Disassembly in turn required the personal presence of Mr. Suarez to supervise the disassembly. Compl. ¶ 9. Sitco's complaint states that the Army breached its contract with Sitco by denying Mr. Suarez "without excuse or cause," the credentials needed to travel to and remain on Camp Taji during the disassembly and removal of the factory. Compl. ¶ 10.

---

[2] "Alaska Barriers" are large concrete barriers.

[3] Sitco's complaint contains two paragraphs identified as paragraph 7. For ease of reference, we will refer to the first of these paragraphs (beginning "It was operated . . .") as paragraph 7A, and the second (beginning "On October 8, 2005") as paragraph 7B.

Sitco alleges that as a "proximate result" of the alleged breach of contract, the factory was disassembled and transported by "inexperienced and unsupervised movers." Compl. ¶ 11. According to Sitco, the factory arrived in Kuwait in an "unusable condition." Compl. ¶ 11. Sitco alleged that it has suffered "losses, expenses, and damages" of approximately $31,000,000. Compl. ¶ 12.

Sitco's complaint sets forth a second claim for relief regarding printer cartridges. Compl. ¶¶ 13-15. Sitco alleges that it purchased certain printer cartridges for the Army under a purchase order, and was never paid. Id. Sitco seeks $6,275.35 in damages for the Army's failure to pay Sitco's invoice regarding the printer cartridges. Compl. ¶ 15.

Sitco alleges that this Court possesses jurisdiction to entertain Sitco's claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) "inasmuch as it is a claim against the United States for damages on an express contract." Compl. ¶ 1.

## ARGUMENT

### I. Applicable Legal Standard

#### A. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

It is axiomatic that if this Court lacks subject matter jurisdiction over the claims in the complaint, the complaint must be dismissed. RCFC 12(b)(1). The plaintiff bears the burden of showing that the Court possesses jurisdiction over his claims. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Furthermore, the plaintiff must carry this burden by a preponderance of the evidence. Reynolds, 846 F.2d at 748.

In determining whether it possesses subject matter jurisdiction, this Court is to treat the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court may, however, take into account "evidentiary matters outside the pleadings" in making this determination. Indium Corp. Of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Thomas v. United States, 34 Fed. Cl. 619, 621 (1995). In addition, where a plaintiff has attached materials to his complaint, these materials may be considered as part of the complaint on a motion to dismiss. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334 1342 n. 6 (Fed. Cir. 2006).

B. Limitations On The Jurisdiction Of The Court Of Federal Claims

The jurisdiction of this Court is limited; Congress has only granted this Court jurisdiction over claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court:

> This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because the Tucker Act is merely a jurisdictional statute, however, it creates no substantive right to relief in suits against the United States. Accordingly, a plaintiff in this Court must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles him to relief.

Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995).

This Court does not possess jurisdiction to entertain claims by a plaintiff who is a foreign national unless that plaintiff shows that United States citizens possess a reciprocal right to sue the government of the plaintiff in that country's courts. 28 U.S.C. § 2502 (Reciprocity Act). See El-Shifa Pharmaceutical Industries Co. v. United States, 55 Fed. Cl. 751, 756 (2003); Humphries v. United States, 51 Fed. Cl. 35, 35 (2001); Pottawatomi Nation in Canada v. United States, 27 Fed. Cl. 388, 390 (1992); Aktiebolaget Imo-Industri v. United States, 54 F.Supp. 844, 847-848 (1944) (under predecessor reciprocity provision). See generally Ferreiro v. United States, 350 F.3d 1318, 1320-1322 (Fed. Cir. 2003) (discussing the reciprocity requirement). Demonstrating this reciprocity is the plaintiff's burden. El-Shifa Pharmaceutical Industries Co., 55 Fed. Cl. at 756; Humphries, 51 Fed. Cl. at 35.

C. Contract Claims Against The Government

In order to state a breach of contract claim against the Government, a plaintiff must plead the existence of an express contract or an implied-in-fact contract embodying the obligation at issue. The elements of an implied-in-fact contract mirror those of an express contract, namely: "1) mutuality of intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance." City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) (citing Russell Corp. v. United States, 210 Ct. Cl. 596, 609, 537 F.2d 474, 482 (1976)). In addition, a plaintiff bringing a breach of contract claim must allege actual authority on the part of a Government representative to bind the Government in contract. City of El Centro, 922 F.2d at 820 (quoting Juda v. United States, 6 Cl. Ct. 441, 452 (1984)).

The Contract Disputes Act ("CDA") governs disputes regarding contracts with the Government for procurement of goods and services. 41 U.S.C. § 602(a). A plaintiff bringing a claim based upon a contract that is subject to the CDA must comply with the CDA's mandatory exhaustion requirements "by first submitting a 'claim' to and obtaining a 'final decision' from the contracting officer." Sarang Corp. v. United States, 76 Fed. Cl. 560, 564 (2007). A "claim" consists of a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101. Furthermore, a "claim," for the purposes of the CDA, is more than an invoice that is undisputed when submitted. 48 C.F.R. § 2.101 ("A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim."). And if the claim exceeds $100,000, the contractor must also certify it in accordance with the CDA. See 41 U.S.C. § 605(c)(1).

The United States Court of Appeals for the Federal Circuit has enforced the strict limits of the CDA as jurisdictional prerequisites to any suit in the Court of Federal Claims, and has held that this Court lacks jurisdiction to entertain an action unless the contractor's claim is first presented to the contracting officer. England v. The Swanson Group, 353 F.3d 1375, 1379 (Fed. Cir. 2004); Sarang Corp., 76 Fed. Cl. at 565.

Sitco has failed to meet its burden to show that this Court possesses jurisdiction over its claims. Sitco has not demonstrated that it meets the reciprocity requirements of 28 U.S.C. §2502. In addition, with respect to both claims for relief, Sitco has failed to allege that it submitted a claim to the contracting officer in accordance with the requirements of the CDA.

II. Sitco Has Failed To Show That This Court Possesses Jurisdiction As It Does Not Allege Reciprocity As Required By Governing Law

As a Kuwaiti national, Sitco must show reciprocity between the courts of the United States and Kuwait in order to be permitted to sue the United States in this Court. See 28 U.S.C. § 2502. The law is explicit that foreign nationals must show that their government "accords to citizens of the United States the right to prosecute claims against their government in its courts." Id. Sitco bears this burden, and has failed to meet it. See El-Shifa Pharmaceutical Industries Co., 55 Fed. Cl. at 756; Humphries, 51 Fed. Cl. at 35. In its complaint, Sitco has not alleged that United States citizens are permitted to prosecute claims against the Kuwaiti government in Kuwaiti courts, and, in fact, has made no reference to the matter at all. Accordingly, both of its claims fail for lack of jurisdiction.

III. This Court Lacks Jurisdiction To Entertain Sitco's Claims Because Sitco Has Failed To Allege Submission Of Its Claims To The Contracting Officer

Sitco filed its complaint without submitting its claims to the contracting officer, thereby depriving this Court of jurisdiction. Sitco alleges that the Army breached its contract with Sitco by failing to permit Mr. Suarez access to Camp Taji in order that he might supervise the disassembly of Sitco's concrete factory. From the allegations in Sitco's complaint, it appears that Sitco did not submit this claim to the contracting officer, nor did it certify any such claim as required for claims over $100,000. See 41 U.S.C. § 605(c)(1). Similarly, it appears that Sitco never submitted a claim to the Army for the Army's alleged failure to pay for certain printer cartridges ordered pursuant to a Purchase Order.[4]

---

[4] After receiving the complaint, the Army determined that the invoice at issue had been paid, and sent counsel for Sitco evidence of the same on July 31, 2007. A copy of the letter sent to counsel for Sitco is attached hereto in the Appendix at A1-12. Counsel for Sitco stated, via

A final decision from the contracting officer upon a properly submitted claim, or a "deemed denial" of a claim, is a jurisdictional prerequisite for the Court of Federal Claims to entertain a suit alleging breach of a procurement contract. 41 U.S.C. § 605(a)(1); Sharman Co. Inc. v. United States, 2 F.3d 1564, 1568-69 (Fed. Cir. 1993). Thus, absent a contracting officer decision determining liability, the Court of Federal Claims lack jurisdiction to consider a contractor's claim. Id. The contracts cited by Sitco are procurement contracts, and, pursuant to the CDA and the contract (which incorporated the Federal Acquisition Regulation Disputes Clause, 48 C.F.R. § 52.33-1), Sitco was required to submit claims to the contracting officer before filing suit. It failed to do so. Accordingly, both of Sitco's claims must be dismissed.

CONCLUSION

For the foregoing reasons, this Court should dismiss Sitco's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Martin F. Hockey, Jr. by Franklin E. White, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

---

letter dated August 1, 2007, that Sitco would withdraw this claim as soon as counsel for Sitco obtained authority to do so. A copy of the letter sent by counsel for Sitco is attached hereto in the Appendix at A13. Because Sitco has not amended its complaint to delete this claim, we include it in our motion to dismiss.

Of Counsel:
J. MACKEY IVES
Litigation Attorney
General Litigation Branch
Army Litigation Center
901 N. Stuart Street, Suite 400
Arlington, VA 22203
Tel: (703) 696-1616
Fax: (703) 696-2532

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

October 5, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 5th day of October 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah

**APPENDIX**

**INDEX TO APPENDIX**

Letter from Maame A.F. Ewusi-Mensah to James J. Harrington (Jul. 31, 2007). . . . . . . . . . . . . A1

Letter from James J. Harrington to Maame A.F. Ewusi-Mensah (Aug. 1, 2007) . . . . . . . . . . . A13

**U. S. Department of Justice**

Civil Division

MFH:MEwusi-Mensah
DJ No: 154-07-226

Tel: (202) 353-0503
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 31, 2007

**VIA ELECTRONIC MAIL**

James J. Harrington
Harrington Henry, LLP
305 Madison Avenue
New York, NY 10165

Re: *Sitco General Trading & Contracting Co. v. United States*, Fed. Cl. No. 07-226

Dear Mr. Harrington:

The Government's response to the complaint filed by your client, Sitco General Trading & Contracting Co. ("Sitco"), is currently due August 6, 2007. The Department of the Army ("Army"), however, has not been able to complete its search for relevant documents and information. As you know, the contract at issue was administered in Iraq, the responsible personnel were located in Iraq, and the relevant documents are primarily located in Iraq. The Army continues to make a diligent search for documents and information, but its efforts are hampered by the ongoing hostilities in the region. A primary obstacle is the fact that there is extremely high turnover of personnel in Iraq. Many of the responsible personnel are no longer located in Iraq, which makes it very difficult to locate the documents remaining in Iraq. For these reasons, the Army has been unable to prepare a litigation report which is required for the Department of Justice to respond to the complaint.

I intend to move for an enlargement of time for an additional sixty days to permit the Army time to collect the remaining documents and information. I have left two voice mail messages at your office (last week and this week) seeking your consent to this motion, but have received no response. I have also tried to send you a letter via telefacsimile, but the telefacsimile number listed on the Court's docket for you (212.684.2478) is incorrect. Please let me know as soon as possible whether you will oppose this motion. If I am unable to discuss this with you by the close of business on Tuesday, July 31, 2007, I will file the motion and indicate that I was unable to discuss this matter with you.

In its complaint, Sitco alleges that it was not reimbursed for the purchase of certain printer cartridges pursuant to Contract No. W912D1-06-P0319. It appears, however, that Sitco was reimbursed by the Army for these cartridges on January 16, 2007. Please see attached the documents evidencing this payment. Please let me know whether this resolves that claim.

Thank you very much for your consideration.

Very truly yours,

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division

Attachments

expidite

SF 1034-EDP PUBLIC VOUCHER FOR PURCHASES AND SERVICES OTHER THAN PERSONAL

DEPARTMENT OF THE ARMY
395TH FB
APO AE 09366
3374

VOUCHER NO. 202761
DATE PREPARED 01/15/07

CONTRACT NO./DATE W912D1-06-P-0319 01/23/06
CAGE/DUNS SAH28
TAX ID FOREIGN
PAYEE'S SITCO GENERAL TRADING & CONTRACTING WLL
NAME PO BOX 36225
ADDRESS ATTN: A LUIS SUAREZ
AL RAAS 24753

PAID
16 JAN 2007

PAID BY
Account of:
DSSN 8748

APO AE 09366

DATE INVOICE RECV'D 12/14/06
DISCOUNT TERMS NET 30 DAYS
FOB:
DEST

| NO./DATE OF ORDER | DATE OF PERFORMANCE | INV DATE | INVRCV'D | MDSE DEL | MDSE ACPT | | FREIGHT | MERCHANDISE |
|---|---|---|---|---|---|---|---|---|
| 001 | | 06/18/06 | 12/14/06 | 12/13/06 | 12/13/06 | WA | 0.000 | 1757.100 |

APPROVED FOR: WA 1757.100 6160.94 0.28520000 TOTAL: MDSE+ 1757.100

AMOUNT VERIFIED CORRECT FOR: WA 1757.100
SIGNATURE OR INITIALS: 50/JM

PAYMENT: 1FINAL 01/16/07

PURSUANT TO THE AUTHORITY VESTED IN ME, I CERTIFY THAT THIS VOUCHER IS CORRECT AND PROPER FOR PAYMENT.

AUTHORIZED CERTIFYING OFFICER FOR: KARLETTA PETERSON DATE: 01/15/07

Finance and Accounting Officer

ACCOUNTING CLASSIFICATIONS
2162020000076208 4P13519710000 31ED S09076 KU 2QAV00 002QAV W91XRV60070401 6160.94

PAYEE: SITCO GENERAL TRADING & CONTRACTING WLL CHECK AMT WA 1757.100
PO BOX 36225
ATTN: A LUIS SUAREZ
AL RAAS 24753
CHECK NO.: ON US TREASURY DATE:

SITCO GENERAL TRADING & CONTRACTING
P.O. 36225
AlRass 24753, Kuwait Phone: 965.648.8055
E-Mail: Sitco@urrc.cc

W912D1-06-P-0319

June 18, 2006

INVOICE NUMBER 001

| Item Description | Qty. | Price Per Unit | Total Cost |
|---|---|---|---|
| 0001<br>Dell Printer Cartridge<br>310-5400 | 30 | KWD 31.01 | KWD 930.30 |
| 0002<br>Dell Printer Cartridge<br>310-5417 | 30 | KWD 27.56 | KWD 826.80 |

KWD One Thousand, Seven Hundred and ten fills only KWD 1,757.10

DISCOUNT TERMS

N/A

INVOICE RECEIVED
14 DEC 2006
ARCENT -KU Vendor Pay

BANK INFORMATION

| | |
|---|---|
| Beneficiary: | Sitco General Trading & Contracting |
| Account Number: | 2560012259 |
| Bank Name: | Burgan Bank |
| Swift: | BRGNKWKW |

SYSTEMS ORIGINAL

# MATERIAL INSPECTION AND RECEIVING REPORT

Form Approved
OMB No. 0704-0248

Public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0248), Washington, DC 20503.

PLEASE DO NOT RETURN YOUR COMPLETED FORM TO EITHER OF THESE ADDRESSES.
SEND THIS FORM IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED IN THE DFARS, APPENDIX F-401.

1. PROC. INSTRUMENT IDEN. (CONTRACT): W912D1-06-P-0319
(ORDER) NO.:
6. INVOICE NO./DATE: 001/11 DEC 06
7. PAGE 1 OF 1
8. ACCEPTANCE POINT:

2. SHIPMENT NO.:
3. DATE SHIPPED: 11 DEC 06
4. B/L: TCN
5. DISCOUNT TERMS:

9. PRIME CONTRACTOR CODE
SITCO GENERAL TRADING & CONTRACTING
P.O BOX 36225
AL-RAAS 24753

10. ADMINISTERED BY CODE
US CONTRACTING COMMAND SWU-KU
BLDG T-346
CAMP ARIFJAN, KU APO, AE 09366

11. SHIPPED FROM (If other than 9) CODE
FOB:

12. PAYMENT WILL BE MADE BY CODE
ARCENT-KU FINANCE SUPPORT UNIT
ATTN: COMMERCIAL ACCOUNTS
APO, AE 09366

13. SHIPPED TO CODE
AVN CTF COMPANY 3-126TH AVN
SFC DOUGLAS CHASE
BUERHING AIRFIELD

14. MARKED FOR CODE

| 15. ITEM NO. | 16. STOCK/PART NO. DESCRIPTION (Indicate number of shipping containers - type of container - container number.) | 17. QUANTITY SHIP/REC'D* | 18. UNIT | 19. UNIT PRICE | 20. AMOUNT |
|---|---|---|---|---|---|
| 1 | DELL PRINTER CARTIDGE 310-5400 | 30 | EA | $31.01 | $930.30 |
| 2 | DELL PRINTER CARTIDGE 310-5417 | 30 | EA | $27.56 | $826.80 |

RR RECEIVED
14 DEC 2006
ARCENT-KU Vendor Pay

21. CONTRACT QUALITY ASSURANCE

A. ORIGIN
☐ CQA ☐ ACCEPTANCE of listed items has been made by me or under my supervision and they conform to contract, except as noted herein or on supporting documents.
DATE / SIGNATURE OF AUTH GOVT REP
TYPED NAME AND OFFICE

B. DESTINATION
☒ CQA ☒ ACCEPTANCE of listed items has been made by me or under my supervision and they conform to contract, except as noted herein or on supporting documents.
DATE: 13DEC06 / SIGNATURE OF AUTH GOVT REP: [signature]
TYPED NAME AND TITLE: MAJ. MARCELLUS NEWSON, Contracting Deputy Commander

22. RECEIVER'S USE
Quantities shown in column 17 were received in apparent good condition except as noted.
DATE RECEIVED: 13DEC06 / SIGNATURE OF AUTH GOVT REP: [signature]
TYPED NAME AND OFFICE: MAJ MARCELLUS NEWSON, US CONTRACTING CMD, CAMP ARIFJAN

* If quantity received by the Government is the same as quantity shipped, indicate by (✓) mark, if different, enter actual quantity received below quantity shipped and encircle.

23. CONTRACTOR USE ONLY

DD Form 250, NOV 92 — Previous edition may be used. — USAPPC V6.00

SYSTEMS ORIGINAL

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
*OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, AND 30*

1. REQUISITION NUMBER: W91XRV6007 0401
PAGE 1 OF 8

2. CONTRACT NO.: W912D1-06-P-0319
3. AWARD/EFFECTIVE DATE: 23-Jan-2006
4. ORDER NUMBER:
5. SOLICITATION NUMBER:
6. SOLICITATION ISSUE DATE:
7. FOR SOLICITATION INFORMATION CALL: a. NAME: b. TELEPHONE NUMBER (No Collect Calls):
8. OFFER DUE DATE/LOCAL TIME:

9. ISSUED BY — CODE W912D1
U.S. ARMY CONTRACTING COMMAND SWA-KUWAIT
BLDG 346 ATTN: CAPT BRAXTON
CP ARIFJAN AE 09366
TEL: 011-965-389-3728
FAX: 011-965-389-3741

10. THIS ACQUISITION IS [X] UNRESTRICTED
[ ] SET ASIDE: % FOR
[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 424120
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED [ ] SEE SCHEDULE

12. DISCOUNT TERMS: Net 30 Days

13a. [ ] THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING
14. METHOD OF SOLICITATION [ ] RFQ [ ] IFB [ ] RFP

15. DELIVER TO — CODE
AVN TF COMPANY 1, 3-128TH AVN
SFC DOUGLAS CHASE
BUEHRING AIRFIELD
APO AE 09330

16. ADMINISTERED BY — CODE
SEE ITEM 9

17a. CONTRACTOR/OFFEROR — CODE SAH28
SITCO GENERAL TRADING & CONTRACTING WLL
A. LUIS SUAREZ
P.O. BOX 36226
AL-RAAS 24753
TEL. 965-574-6000 EXT 204 — FACILITY CODE

18a. PAYMENT WILL BE MADE BY — CODE S09076
ARCENT-KU-FINANCE SUPPORT UNIT
ATTN: COMMERCIAL ACCOUNTS
011-965-389-1396
APO AE 09366

17b. [ ] CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a. UNLESS BLOCK BELOW IS CHECKED [ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | SEE SCHEDULE | | | | |

25. ACCOUNTING AND APPROPRIATION DATA: See Schedule

26. TOTAL AWARD AMOUNT (For Govt. Use Only): KWD1,757.10

[ ] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3, 52.212-5 ARE ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

[ ] 29. AWARD OF CONTRACT: REFERENCE OFFER DATED . YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER) [signature]
31c. DATE SIGNED: 15-Feb-2006

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT)
30c. DATE SIGNED

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)
SCHENK, STEPHEN MR. / CONTRACTING OFFICER
TEL: 011-965-389-2334 EMAIL: s

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002)
Prescribed by GSA
FAR (48 CFR) 53.212

| SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS (CONTINUED) | | | | | PAGE 2 OF 8 |
|---|---|---|---|---|---|
| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
| | SEE SCHEDULE | | | | |

32a. QUANTITY IN COLUMN 21 HAS BEEN

☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED: ____

32b. SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE

32c. DATE

32d. PRINTED NAME AND TITLE OF AUTHORIZED GOVERNMENT REPRESENTATIVE

32e. MAILING ADDRESS OF AUTHORIZED GOVERNMENT REPRESENTATIVE

32f. TELEPHONE NUMBER OF AUTHORIZED GOVERNMENT REPRESENTATIVE

32g. E-MAIL OF AUTHORIZED GOVERNMENT REPRESENTATIVE

33. SHIP NUMBER — PARTIAL / FINAL

34. VOUCHER NUMBER

35. AMOUNT VERIFIED CORRECT FOR

36. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL

37. CHECK NUMBER

38. S/R ACCOUNT NUMBER

39. S/R VOUCHER NUMBER

40. PAID BY

41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT

41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER

41c. DATE

42a. RECEIVED BY *(Print)*

42b. RECEIVED AT *(Location)*

42c. DATE REC'D *(YY/MM/DD)*

42d. TOTAL CONTAINERS

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002) BACK
Prescribed by GSA
FAR (48 CFR) 53.212

Section SF 1449 - CONTINUATION SHEET

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0001 | | 30 | Each | KWD31.01 | KWD930.30 |

Dell Printer Cartridge 310-5400
FFP
Contractor shall provide Dell Printer Cartridges, Part Number 310-5400.
Reference quote dated 22 January 2006.
Contact SFC Chase for delivery at 828-1308 or via email at
douglas.chase@tb12.arfor.army.mil
PURCHASE REQUEST NUMBER: W91XRV 6007 0401

NET AMT KWD930.30

ACRN AA Funded Amount $3,322.50

FOB: Destination

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0002 | | 30 | Each | KWD27.56 | KWD826.80 |

Dell Printer Cartridge 310-5417
FFP
Contractor shall provide Dell Printer Cartridges, Part Number 310-5417 Reference quote dated 22 January 2006.
Contact SFC Chase for delivery at 828-1308 or via email at
douglas.chase@tb12.arfor.army.mil
PURCHASE REQUEST NUMBER: W91XRV 6007 0401

NET AMT KWD826.80

ACRN AA Funded Amount $2,952.86

FOB: Destination

INSPECTION AND ACCEPTANCE TERMS

Supplies/services will be inspected/accepted at:

| CLIN | INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 0001 | N/A | N/A | N/A | Government |
| 0002 | N/A | N/A | N/A | Government |

DELIVERY INFORMATION

| CLIN | DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|---|
| 0001 | 10-FEB-2006 | 30 | AVN TF COMPANY 1, 3-126TH AVN<br>SFC DOUGLAS CHASE<br>BUEHRING AIRFIELD<br>APO AE 09330<br>828-1308<br>FOB: Destination | |
| 0002 | 10-FEB-2006 | 30 | (SAME AS PREVIOUS LOCATION)<br>FOB: Destination | |

ACCOUNTING AND APPROPRIATION DATA

AA: 2162020.000076-2084P135197.100031ED832QAVW91XRV600704012QAV83S09076
AMOUNT: $6,275.36

CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.212-4 | Contract Terms and Conditions--Commercial Items | OCT 2003 |
| 52.212-5 (Dev) | Contract Terms and Conditions Required to Implement Statutes or Executive Orders--Commercial Items (Deviation) | JUL 2005 |
| 52.225-14 | Inconsistency Between English Version And Translation Of Contract | FEB 2000 |
| 52.232-34 | Payment By Electronic Funds Transfer--Other Than Central Contractor Registration | MAY 1999 |
| 52.233-4 | Applicable Law for Breach of Contract Claim | OCT 2004 |
| 52.243-1 | Changes--Fixed Price | AUG 1987 |
| 52.247-27 | Contract Not Affected by Oral Agreement | APR 1984 |
| 52.247-34 | F.O.B. Destination | NOV 1991 |
| 52.252-6 | Authorized Deviations In Clauses | APR 1984 |
| 252.212-7001 | Contract Terms and Conditions Required to Implement Statutes or Executive Orders Applicable to Defense Acquisitions of Commercial Items | JUN 2005 |
| 252.225-7041 | Correspondence in English | JUN 1997 |
| 252.229-7000 | Invoices Exclusive of Taxes or Duties | JUN 1997 |
| 252.233-7001 | Choice of Law (Overseas) | JUN 1997 |

Date Ran: 12/22/06
Time Ran: 03:50PM

# Obligation Query by DRN

Report: C:\Program Files\Cognos\cer3\samples\Impromptu\reports\obligation query .imr

| Dte In ODS | Dpt | Fy | Bs | Eor | Site Id | Apc | DRN | Fsn | ULO Amt | Limit | Clin | Odc | Slin | Rmb Dsg | Sys Id |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 Dec 06 05:57 PM | 21 | 6 | 2020 | 31ED | 83 | 2QAV | W91XRV60070401 | 009076 | 6275.36 | 0000 | | 2 | | 0 | |

National Bank of Kuwait
Watani Online Corporate

**Telex Transfer** (cb151900/deptao5/TT1612007003374)
**Confirmation**

Transfer Details

| | |
|---|---|
| Transfer Currency: | KUWAITI DINAR |
| Transfer Amount: | 1757.100 |
| Value Date (dd/mm/yyyy): | 16/01/2007 |
| Dealer Reference: | No |

Corporate Customer Info

| | |
|---|---|
| Ordering Customer: | ARCENT - KU |
| Debit Account: | [redacted] |
| Currency of Account: | KUWAITI DINAR |

Beneficiary Details

| | |
|---|---|
| Reference Number: | 00000 |
| Beneficiary Name: | SITCO GENERAL TRADING AND CONTRACTING |
| Address: | N/A |
| | |
| | |
| Country: | Kuwait |
| Beneficiary Bank: | BURGAN BANK |
| Beneficiary Bank Address: | N/A |
| | |
| | |
| Country: | Kuwait |
| Chip /Sort Code: | N/A |
| Beneficiary Bank Swift Code: | BRGNKWKW |
| Beneficiary Account Number: | 2560012259 |

Charges From

| | |
|---|---|
| Correspondent Bank Charges: | Beneficiary |



A11

Payment Details

| | |
|---|---|
| **Bank To Bank Payment Details:** | |
| **Additional Information:** | 202761 |
| **Customer Reference:** | |

Transaction Journal Details

| Action | User | Date | Time | Message |
|---|---|---|---|---|
| INPUTER (INPUT ) | coder10 | 16-01-2007 | 4:13:04 PM | |
| Verifier and Releaser (APPROVE ) | depfao5 | 16-01-2007 | 4:38:19 PM | |
| BANK (APPROVED ) | NBK | 21-01-2007 | 1:36:30 PM | |

PRINT BACK

# HARRINGTON HENRY LLP

ATTORNEYS AT LAW

305 MADISON AVENUE
NEW YORK, NEW YORK 10165
TEL: (212) 370-6716
FAX: (212) 684-2476

JAMES J. HARRINGTON
james.j.harrington@verizon.net

August 1, 2007

Maame A.F. Ewusi-Mensah, Esq.
U.S. Department of Justice
Civil Division
Washington DC 20530

Re: *Sitco v. U.S.*
Contract No. W912D1-06-P0319

Dear Mr. Ewusi-Mensa

Sitco now has found documents to support the belief that payment under the above contract was in fact received about one year after the relevant invoice. As soon as I get authority to do so, we will be withdrawing that claim.

Respectfully submitted,

JJH:dar