IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SITCO GENERAL TRADING AND CONTRACTING CO., W.W.L., a Kuwait Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-226C<br>(Judge Hodges) |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to the response filed by plaintiff Sitco General Trading and Contracting Co., W.W.L., ("Sitco") in opposition to our motion to dismiss.[1] In our motion to dismiss, we established that Sitco's complaint should be dismissed because: (1) Sitco, a Kuwaiti corporation, has not established reciprocity between the courts of the United States and Kuwait, an essential element of subject matter jurisdiction under the Reciprocity Act, 28 U.S.C. § 2502; and (2) Sitco filed its complaint without submitting its claims to the contracting officer, thereby depriving this Court of jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act, 41 U.S.C. § 602, et seq. In its response, Sitco does not dispute either of these contentions. Rather, it states that its complaint is "voluntarily withdrawn pursuant to Rule 41, without prejudice as to the First Claim and with prejudice as to the Second Claim, to be replaced by an Amended Complaint pursuant to RCFC 15(a)." Pl. Opp. 1.

[1] We will refer to the opening brief in support of our motion to dismiss as "Def. Mot. _," and we will refer to Sitco's response as "Pl. Opp. _."

For the reasons addressed below, and for the reasons addressed in our opening brief, this Court should grant our motion to dismiss and dismiss Sitco's complaint, without prejudice as to the first claim, and with prejudice as to the second claim.[2] Should this Court treat Sitco's response to our motion to dismiss as a motion pursuant to Rule 15(a), this Court should deny that motion.

ARGUMENT

I. Sitco's Complaint Should Be Dismissed

This Court lacks jurisdiction over the claims in Sitco's complaint; accordingly, the complaint must be dismissed. RCFC 12(b)(1). Sitco bears the burden of showing that the Court possesses jurisdiction over its claims, and has completely failed to meet this burden. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In fact, its response contains no substantive response at all to the contentions set forth in our motion to dismiss.

Despite the fact that it has not provided any substantive response to our motion to dismiss, Sitco is unwilling to stipulate to dismissal of its claims. It states in its response that it seeks to "withdraw" its complaint pursuant to Rule 41, to be "replaced" by an amended

---

[2] As established in our motion, Sitco's second claim is without any basis, and Sitco's counsel already stated that Sitco would be withdrawing the claim as soon as counsel received authority to do so. Def. Mot. 7, n. 4.

complaint pursuant to Rule 15(a). Rule 41, however, only contemplates dismissal of an action, and is not compatible with the filing of an amended complaint. In fact, the rule explicitly states:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Therefore, Sitco's request to "withdraw" its complaint, rather than dismiss it, is not permitted by the rules. Its complaint must be dismissed.

II. Sitco Should Not Be Permitted To Amend Its Complaint

Should this Court treat Sitco's response to our motion to dismiss as a motion for leave to amend its complaint pursuant to RCFC 15(a), leave should be denied. "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881-82 (Fed. Cir. 1995).

Any one of several factors, however, may justify the denial of a motion for leave to amend, including futility of the proposed amendment. See Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-61 (Fed. Cir. 1991) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). As this Court has stated, "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." Spalding & Son, 22 Cl. Ct. at 680 (emphasis added)."

It would be futile for Sitco to amend its complaint. Sitco has provided no indication of the nature of its proposed amendment, nor has it even proposed a timetable for filing its amendment. To the contrary, its correspondence with the Government illustrates that it is unable

to cure the defects identified in our motion to dismiss. For instance, Sitco's counsel indicates in the December 18, 2007 letter attached to Sitco's response to our motion to dismiss that he is not sure whether Sitco can show reciprocity between the courts of the United States and Kuwait. Similarly, Sitco provided an affidavit to the Government showing Sitco does not plan to file a CDA claim. See Affidavit of A. Luis Suarez, ¶ 7 (attached hereto at A1-3).[3] Accordingly, it appears that any amendment of Sitco's complaint would be unable to cure the defects identified in our motion to dismiss, and therefore be futile. Therefore, it would not be in the interests of justice to grant Sitco leave to amend its complaint until such time as Sitco can demonstrate that it can cure these defects.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, defendant respectfully requests that the Court grant its motion to dismiss, dismiss Sitco's complaint with prejudice as to the second claim and without prejudice as to the first claim, and deny Sitco leave to file an amended complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

[3] We submit this document, sent to the Government as an attachment to Sitco's December 18, 2007 letter, only in response to Sitco's apparent request for leave to amend its complaint. We do not rely on this document in support of our motion to dismiss.

Of Counsel:
J. MACKEY IVES
Litigation Attorney
General Litigation Branch
Army Litigation Center
901 N. Stuart Street, Suite 400
Arlington, VA 22203
Tel: (703) 696-1616
Fax: (703) 696-2532

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

January 3, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of January 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah

**APPENDIX**

**INDEX TO APPENDIX**

Affidavit of A. Luis Suarez (Dec. 9, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
SITCO GENERAL TRADING AND CONTRACTING CO.,
W.W.L., a Kuwait Corporation,

Plaintiff,

-against- **SUAREZ AFFIDAVIT**

UNITED STATES DEPARTMENT of the ARMY,

Defendant.

State of New York )
}ss.:
County of New York )

A. LUIS SUAREZ, being duly sworn, says:

1. At all relevant times, I was President, International Division, of the Plaintiff, and am fully familiar with all the facts. I make this affidavit in opposition to the Defendant's motion to dismiss.

2. It was my obligation to supervise the delivery of concrete from our batching plat at Camp Taji, Iraq, into the molding forms designated by the Army in Iraq.

3. In the appendix hereto are the relevant documents that support the Plaintiff's Complaint, specifically ¶10 that the Army interfered with our ability to comply with its demobilization order.

4. As shown in Appendix, Exhibit A, the Defendant instructed Sitco to demobilize its cement plant at Camp Taji, Iraq. I had been told by our deputy country manage that we would be receiving a letter essentially kicking us off the base. I incorporate that and my response, Exhibit B, as well as the balance of the Appendix, Exhibits C to W.

5. Even before our getting the demobilization order, I knew I would have to get back to Camp Taji to supervise the dismantling of the plant, its removal from the base, and transportation back to Kuwait. The Defendant made that impossible, to Sitco's considerable damage.

6. The balance of the Appendix shows the run-around and stonewalling I got from the Contracting Officer at Camp Taji and from our sponsor, Red Horse.

7. The sole basis for the motion is the claim that Sitco failed to submit and certify its claim prior to bringing suit. Based on the fact that I was not allowed on base to mitigate any damages, we had no claim to submit and certify except by way of the complaint, which I hereby incorporate herein, and to the truth of which I hereby swear.

A. Luis Suarez

Sworn to before me this
9th day of December 2007

Notary public

JAMES J. HARRINGTON
Notary Public, State of New York
Registration # 02HA6089710
Qualified in New York County
My Commission Expires March 31, 2011

| EXHIIBITS TO SUAREZ AFFIDAVIT IN OPPOSITION | | | | |
|---|---|---|---|---|
| EXHIBIT | DATE | AUTHOR | ADDRESSEE(S) | KEY FACTS |
| A | Oct. 8, 2005 | Scott A. St. Sauver ("St. Sauver") | Talat Mughrabi | Must be demobilized in 30/60 days |
| B | Oct.. 11, 2005 | A. Luis Suarez ("Suarez") | "Sauver" | Anticipated damages |
| C | Sept. 1, 2005 | Suarez | Tristan Ainsworth ("Ainsworth") | Request for assistance in getting CAC badge |
| D | Sept. 1, 2005 | Cynthia McCall ("McCall") | Ainsworth | Documents needed for CAC card |
| E | Sept 7, 2005 | Suarez | Benj. Brattebo ("Brattebo") | Asks for Maj. Hawkins' address |
| F | Sept. 8, 2005 | Brattebo | Suarez | Providing address |
| G | Sept. 8, 2005 | Suarez | Brattebo | Red Horse is our sponsor; lack of help surprising |
| H | Sept. 8, 2005 | Suarez | Jon Hawking ("Hawkins") | He was contracting officer originally/ Can he help with CAC? |
| I | Sept, 8, 2005 | Suarez | Hawkins | Purposes of visits to Taji |
| J | Sept. 9. 2005 | Hawkins | Suarez | Need to receive CAC card from US |
| K | Sept. 9, 2005 | Hawkins | Suarez | Might try to get on flight from Arirjan to Taji |
| L | Sept. 9, 2005 | Hawkins | Suarez, [cc; Brattebo] | Repeats prior information |
| M | Sept, 10, 2005 | Suarez | Hawkins | Red Horse approval needed for CAC card at Arifjan |
| N | Sept 10, 2005 | Suarez | McCall | Procedural confusion |
| O | Sept 10, 2005 | McCall | Suarez | Can't help w/o approval from Red Horse |
| P | Sept. 10, 2005 | Hawkins | Suarez [cc; Brattebo] | Go back to US |
| Q | Sept. 10, 2005 | Hawkins | Suarez [cc: McCall] | Will not sign any paperwork for CAC card |
| R | Sept. 10, 2005 | Suarez | Hawkins | What documents is Red Horse is allowed to provide |
| S | Sept. 10, 2005 | Suarez | Brattebo | What Sitco needs to do to get its property out of Taji |
| T | Sept. 13, 2005 | Suarez | Brattebo | Needs help |
| U | Sept. 13, 2005 | Suarez | Ainsworth | Surprised at Hawkins' treatment |
| V | Sept. 13, 2005 | Brattebo | Suarez | Red Horse will not help you with renewal |
| W | Sept. 13, 2005 | Suarez | Brattebo | One last question [with prior materials] |